OPINION
Defendant-appellant David Buelow appeals from his classification as a sexually oriented offender, pursuant to R.C.2950.01(D). Buelow, who pled guilty to Rape in 1987, contends that his classification as a sexually oriented offender violates the terms of his plea bargain by imposing upon him a registration requirement that was not part of his plea bargain in 1987.
R.C. 2950.01, et seq., which became effective in 1997, provides for the classification of certain offenders into one of three categories: sexual predator, habitual sex offender, or sexually oriented offender. The last of these, which was how Buelow was classified by the trial court, is the least onerous, merely requiring registering with the proper authorities for ten years following release from prison. As the State points out, Ohio has had a sex offender registration statute since 1963. Statev. Cook (1998), 83 Ohio St.3d 404, 406. In Cook, the Ohio Supreme Court has held that none of the sexual offender classifications constitute punishment, being purely remedial in nature. "Because Megan's laws [R.C. 2950.01, et seq., in Ohio] are not punitive, the registration and notification requirements are collateral consequences of [a] defendant's guilty plea." State v. Condron
(March 27, 1998), 16430, unreported, at 7.
Based upon State v. Cook, supra, and State v. Condron, supra,
we conclude that the sexual offender classification and registration requirements of R.C. 2950.01, et seq. are merely collateral consequences of a plea of guilty to a sexual offense; they do not need to be made part of a plea bargain.
Accordingly, Buelow's sole assignment of error is overruled, and the judgment of the trial court is Affirmed.
BROGAN and WOLFF, JJ., concur.